IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-650-D

| | |
|---|---|
| LA VERNE VITA DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On July 30, 2014, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 27]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 19], grant defendant's motion for judgment on the pleadings [D.E. 22], and affirm defendant's final decision. On August 15, 2014, and on August 18, 2014, plaintiff filed objections to the M&R [D.E. 30, 33]. Defendant did not file a response.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., No. 13-1480, 2014 WL 4555249, at *4 (4th Cir. Sept. 16, 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff objects (1) that the letters of June 19, 2012, and December 18, 2013, were new and material evidence and that Judge Gates erred in failing to recommend a sentence six remand; (2) that substantial evidence does not support the ALJ's determination that plaintiff can perform a full range of light work; (3) that substantial evidence does not support the ALJ's credibility assessment; and, (4) that substantial evidence does not support the ALJ's decision not to give Dr. Rawal's opinion controlling weight. See [D.E. 30, 33]. However, both Judge Gates and the ALJ applied the proper legal standard. See, e.g., Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hogan v. Colvin, No. 5:13-CV-244-D, 2013 WL 6839643, at *4–5 (E.D.N.C. Dec. 23, 2013) (unpublished); Pierce

2

v. Colvin, No. 7:12-CV-129-D, 2013 WL 3326716, at *4–6 (E.D.N.C. July 1, 2013) (unpublished). Moreover, substantial evidence supports the ALJ's analysis. See [D.E. 27] 4–5, 7–19. Accordingly, the court adopts the M&R and overrules the objections.

In sum, plaintiff's objections to the M&R [D.E. 30, 33] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 19] is DENIED, defendant's motion for judgment on the pleadings [D.E. 22] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 23 day of September 2014.

JAMES C. DEVER III
Chief United States District Judge